IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| **STRAGENT, LLC and SEESAW FOUNDATION,** | § § § | |
| | § | Civil Action No. 6:10-CV-242-LED |
| Plaintiffs, | § § | |
| v. | § § | |
| | § | **JURY TRIAL DEMANDED** |
| **CLASSMATES ONLINE, INC.,** *et al.*, | § § | |
| Defendants. | § | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiffs Stragent, LLC ("Stragent") and SeeSaw Foundation ("SeeSaw") complain against Defendants Classmates Online, Inc., Classmates Media Corporation, and United Online, Inc. (collectively "Classmates"); Gannett Co., Inc. ("Gannett"); Linden Research, Inc. ("Linden"); Meebo, Inc. ("Meebo"); MTV Networks, a division of Viacom International, Inc., and Viacom Inc. (collectively "MTV"); MyLife.com, Inc. ("MyLife"); MySpace, Inc. ("MySpace"); Plaxo, Inc. ("Plaxo"); and Twitter, Inc. ("Twitter"), as follows:

### PARTIES

1.  Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.

2.  Plaintiff SeeSaw is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to SeeSaw Children's Place, a Texas non-

profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Longview, Texas.

3. On information and belief, Defendant Classmates Online, Inc. is a Washington corporation having its principal place of business in Renton, Washington.

4. On information and belief, Defendant Classmates Media Corporation is a Delaware corporation having its principal place of business in Seattle, Washington.

5. On information and belief, Defendant United Online, Inc. is a Delaware corporation having its principal place of business in Woodland Hills, California.

6. On information and belief, Defendant Classmates Online, Inc. is subsidiary of Defendant Classmates Media Corporation, which is a wholly owned subsidiary of Defendant United Online, Inc.

7. On information and belief, Defendant Gannett is a Delaware corporation having its principal place of business in McLean, Virginia.

8. On information and belief, Defendant Linden is a Delaware corporation having its principal place of business in San Francisco, California.

9. On information and belief, Defendant Meebo is a Delaware corporation having its principal place of business in Mountain View, California.

10. On information and belief, Defendant MTV Networks is an unincorporated division of Viacom International, Inc., which is a Delaware corporation having its principal place of business in New York, New York.

11. On information and belief, Defendant Viacom Inc. is a Delaware corporation having its principal place of business in New York, New York.

12.     On information and belief, Defendant MTV Networks is an unincorporated division of Viacom International, Inc., which is a subsidiary of Defendant Viacom Inc.

13.     On information and belief, Defendant MyLife is a Delaware corporation having its principal place of business in Santa Monica, California.

14.     On information and belief, Defendant MySpace is a Delaware corporation having its principal place of business in Los Angeles, California.

15.     On information and belief, Defendant Plaxo is a Delaware corporation having its principal place of business in Mountain View, California.

16.     On information and belief, Defendant Twitter is a Delaware corporation having its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

17.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district and has committed and/or induced and/or contributed to acts of patent infringement in this district.

19.     On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**INFRINGEMENT OF U.S. PATENT NO. 6,665,722**

20.     Plaintiff SeeSaw is the owner by assignment of United States Patent No. 6,665,722 ("the '722 patent") entitled "Store-and-forward packet radio system and method." The '722 patent was duly and legally issued on December 16, 2003. A true and correct copy of the '722 patent is attached as Exhibit A.

21.     Plaintiff Stragent is the exclusive licensee of the '722 patent, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the '722 patent, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Stragent has full right to enforce and/or sublicense the '722 patent without any restriction, subject to certain encumbrances. Stragent further has the exclusive right under the License to maintain, enforce, or defend the '722 patent, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the '722 patent and pursuing and entering into any settlement related to a claim of infringement.

22.     On information and belief, Defendant Classmates has been and now is, directly or through intermediaries, directly infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Classmates's direct infringements include, without limitation, making, using, offering for sale and/or selling within the United States, and/or importing into the United States, communication systems, including without limitation the Classmates.com Internet website, that infringe one or more claims of the '722 patent. Classmates is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

23. On information and belief, Defendant Classmates has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '722 patent by, for example, end users of communication systems, including without limitation the Classmates.com Internet website, that infringe one or more claims of the '722 patent. Classmates is thus liable for further infringement of the '722 patent pursuant to 35 U.S.C. § 271.

24. On information and belief, Defendant Gannett has been and now is, directly or through intermediaries, directly infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Gannett's direct infringements include, without limitation, making, using, offering for sale and/or selling in the United States, and/or importing into the United States, communication systems, including without limitation the USAToday.com Internet website, that infringe one or more claims of the '722 patent. Gannett is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

25. On information and belief, Defendant Gannett has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '722 patent by, for example, end users of communication systems, including without limitation the USAToday.com Internet website, that infringe one or more claims of the '722 patent. Gannett is thus liable for further infringement of the '722 patent pursuant to 35 U.S.C. § 271.

26. On information and belief, Defendant Linden has been and now is, directly or through intermediaries, directly infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Linden's direct infringements include, without limitation, making, using, offering for sale and/or selling within the United States, and/or importing into the United States, communication systems, including without limitation the

Second Life software program, that infringe one or more claims of the '722 patent. Linden is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

27. On information and belief, Defendant Linden has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '722 patent by, for example, end users of communication systems, including without limitation the Second Life software program, that infringe one or more claims of the '722 patent. Linden is thus liable for further infringement of the '722 patent pursuant to 35 U.S.C. § 271.

28. On information and belief, Defendant Meebo has been and now is, directly or through intermediaries, directly infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Meebo's direct infringements include, without limitation, making, using, offering for sale and/or selling within the United States, and/or importing into the United States, communication systems, including without limitation the Meebo.com Internet website, that infringe one or more claims of the '722 patent. Meebo is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

29. On information and belief, Defendant Meebo has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '722 patent by, for example, end users of communication systems, including without limitation the Meebo.com Internet website, that infringe one or more claims of the '722 patent. Meebo is thus liable for further infringement of the '722 patent pursuant to 35 U.S.C. § 271.

30. On information and belief, Defendant MTV has been and now is, directly or through intermediaries, directly infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. MTV's direct infringements include, without limitation, making, using, offering for sale and/or selling within the United States, and/or

importing into the United States, communication systems, including without limitation the MTV.com and VH1.com Internet websites, that infringe one or more claims of the '722 patent. MTV is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

31. On information and belief, Defendant MTV has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '722 patent by, for example, end users of communication systems, including without limitation the MTV.com and VH1.com Internet websites, that infringe one or more claims of the '722 patent. MTV is thus liable for further infringement of the '722 patent pursuant to 35 U.S.C. § 271.

32. On information and belief, Defendant MyLife has been and now is, directly or through intermediaries, directly infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. MyLife's direct infringements include, without limitation, making, using, offering for sale and/or selling within the United States, and/or importing into the United States, communication systems, including without limitation the Reunion.com Internet website, that infringe one or more claims of the '722 patent. MyLife is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

33. On information and belief, Defendant MyLife has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '722 patent by, for example, end users of communication systems, including without limitation the Reunion.com Internet website, that infringe one or more claims of the '722 patent. MyLife is thus liable for further infringement of the '722 patent pursuant to 35 U.S.C. § 271.

34. On information and belief, Defendant MySpace has been and now is, directly or through intermediaries, directly infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. MySpace's direct infringements include, without

limitation, making, using, offering for sale and/or selling within the United States, and/or importing into the United States, communication systems, including without limitation the MySpace.com Internet website, that infringe one or more claims of the '722 patent. MySpace is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

35. On information and belief, Defendant MySpace has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '722 patent by, for example, end users of communication systems, including without limitation the MySpace.com Internet website, that infringe one or more claims of the '722 patent. MySpace is thus liable for further infringement of the '722 patent pursuant to 35 U.S.C. § 271.

36. On information and belief, Defendant Plaxo has been and now is, directly or through intermediaries, directly infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Plaxo's direct infringements include, without limitation, making, using, offering for sale and/or selling within the United States, and/or importing into the United States, communication systems, including without limitation the Plaxo.com Internet website, that infringe one or more claims of the '722 patent. Plaxo is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

37. On information and belief, Defendant Plaxo has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '722 patent by, for example, end users of communication systems, including without limitation the Plaxo.com Internet website, that infringe one or more claims of the '722 patent. Plaxo is thus liable for further infringement of the '722 patent pursuant to 35 U.S.C. § 271.

38. On information and belief, Defendant Twitter has been and now is, directly or through intermediaries, directly infringing the '722 patent in the State of Texas, in this judicial

district, and elsewhere in the United States. Twitter's direct infringements include, without limitation, making, using, offering for sale and/or selling within the United States, and/or importing into the United States, communication systems, including without limitation the Twitter.com Internet website, that infringe one or more claims of the '722 patent. Twitter is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

39. On information and belief, Defendant Twitter has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '722 patent by, for example, end users of communication systems, including without limitation the Twitter.com Internet website, that infringe one or more claims of the '722 patent. Twitter is thus liable for further infringement of the '722 patent pursuant to 35 U.S.C. § 271.

40. As a result of Defendants' infringement of the '722 patent, Stragent and SeeSaw have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Stragent and SeeSaw request that this Court enter:

A. A judgment in favor of Stragent and SeeSaw that Defendants have directly infringed the '722 patent;

B. A judgment in favor of Stragent and SeeSaw that Defendants have induced and/or contributed to others' infringement of the '722 patent;

C. A judgment and order requiring Defendants to pay Stragent and SeeSaw their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '722 patent as provided under 35 U.S.C. § 284; and

D. Any and all other relief to which the Court may deem Stragent and SeeSaw entitled.

**DEMAND FOR JURY TRIAL**

Stragent and SeeSaw, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

                                        Respectfully submitted,

                                        */s/ Eric M. Albritton*
                                        Eric M. Albritton
                                        Texas Bar No. 00790215
                                        ema@emafirm.com
                                        Adam A. Biggs
                                        Texas Bar No. 24051753
                                        aab@emafirm.com
                                        Debra Coleman
                                        Texas Bar No. 24059595
                                        drc@emafirm.com
                                        Matthew C. Harris
                                        Texas Bar No. 24059904
                                        mch@emafirm.com
                                        ALBRITTON LAW FIRM
                                        P.O. Box 2649
                                        Longview, Texas 75606
                                        Telephone: (903) 757-8449
                                        Facsimile: (903) 758-7397

                                        T. John Ward, Jr.
                                        State Bar No. 00794818
                                        jw@jwfirm.com
                                        WARD & SMITH LAW FIRM
                                        P.O. Box 1231
                                        Longview, Texas 75606-1231
                                        Telephone: (903) 757-6400
                                        Facsimile: (903) 757-2323

                                        Danny L. Williams
                                        Texas Bar No. 21518050
                                        danny@wmalaw.com
                                        J. Mike Amerson
                                        mike@wmalaw.com
                                        Texas Bar No. 01150025
                                        Jaison C. John
                                        Texas State Bar No. 24002351
                                        jjohn@wmalaw.com

>Christopher N. Cravey
>Texas Bar No. 24034398
>ccravey@wmalaw.com
>Matthew R. Rodgers
>Texas Bar No. 24041802
>mrodgers@wmalaw.com
>Michael A. Benefield
>Indiana Bar No. 24560-49
>mbenefield@wmalaw.com
>David Morehan
>Texas Bar No. 24065790
>dmorehan@wmalaw.com
>WILLIAMS, MORGAN & AMERSON, P.C.
>10333 Richmond, Suite 1100
>Houston, Texas 77042
>Telephone: (713) 934-7000
>Facsimile: (713) 934-7011
>
>*Attorneys for Stragent, LLC and
>SeeSaw Foundation*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 4, a summons in this action is being submitted for all defendants to be served with a copy of this First Amended Complaint, on this the 20th day of August 2010.

_____
Eric M. Albritton