UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STRAGENT, LLC and SEESAW FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CLASSMATES ONLINE, INC.; CLASSMATES MEDIA CORPORATION; UNITED ONLINE, INC.; GANNETT CO., INC.; LINDEN RESEARCH, INC.; MEEBO, INC.; MTV NETWORKS; VIACOM INC.; MYLIFE.COM, INC.; MYSPACE, INC.; NOVELL, INC.; PLAXO, INC.; and TWITTER, INC.,<br><br>Defendants. | Case No. 6:10-cv-00242-LED |

**DEFENDANTS UNITED ONLINE, INC. AND CLASSMATES MEDIA CORPORATION'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FED. R. CIV. P. 12(B)(1), LACK OF PERSONAL JURISDICTION, FED. R. CIV. P. 12(B)(2), AND IMPROPER VENUE, FED. R. CIV. P. 12(B)(3)**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................................ 1

II.  STATEMENT OF ISSUES ........................................................................................ 2

III. FACTUAL BACKGROUND ..................................................................................... 2

    A.  The Complaint and the Accused Website ....................................................... 2

    B.  United Online, Inc. and Classmates Media Corporation Are Holding Companies That Do Not Operate The Accused Website ................................ 2

IV.  THE COMPLAINT AGAINST UNITED ONLINE, INC. AND CLASSMATES MEDIA CORPORATION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION ..................................................................... 3

    A.  Fed. R. Civ. P. 12(b)(1) Motion To Dismiss Standard .................................... 3

    B.  Dismissal of United Online, Inc. and Classmates Media Corporation is Appropriate Because They Cannot Be Properly Charged With Direct or Indirect Infringement of the Patent .................................................................. 4

        1.  UOL and CMC Cannot Be Charged With Direct Infringement ................ 4

        2.  Plaintiff Did Not Plead Contributory Infringement Adequately ................ 5

V.   THE COMPLAINT AGAINST UNITED ONLINE, INC. AND CLASSMATES MEDIA CORPORATION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ..................................................................................... 6

    A.  Fed. R. Civ. P. 12(b)(2) Motion To Dismiss Standard .................................... 6

    B.  UOL and CMC Do Not Have Sufficient Minimum Contacts With Texas For Them To Be Subject To Specific Jurisdiction .......................................... 8

        1.  There Has Been No Purposeful Availment And The Exercise Of Jurisdiction Would Not Be Reasonable ..................................................... 9

        2.  The Assertion of Personal Jurisdiction Over UOL And CMC Would Grossly Offend Traditional Notions of Fair Play and Substantial Justice .................................................................................... 9

    C.  UOL and CMC Do Not Have Sufficient Minimum Contacts With Texas For Them To Be Subject To General Jurisdiction ......................................... 10

VI.  THE COMPLAINT AGAINST UNITED ONLINE, INC. AND CLASSMATES MEDIA CORPORATION SHOULD BE DISMISSED ON THE BASIS OF IMPROPER VENUE ................................................................................................. 11

    A.  Fed. R. Civ. P. 12(b)(3) Motion To Dismiss Standard .................................. 11

    B.  Venue Is Not Proper With Respect To UOL and CMC ................................. 11

VII. CONCLUSION ......................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Alpine View Co. Ltd. v. Atlas Copco AB*,
205 F.3d 208 (5th Cir. 2000) .................................................................................................7

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ...........................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................................................4

*Black v. Acme Markets, Inc.*,
564 F.2d 681 (5th Cir. 1977) .................................................................................................8

*Blackburn v. City of Marshall*,
42 F.3d 925 (5th Cir. 1995) ...................................................................................................5

*BMC Resources, Inc. v. Paymentech, L.P.*,
498 F.3d 1373 (Fed. Cir. 2007) .............................................................................................5

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ...............................................................................................................7

*Central Freight Lines Inc. v. APA Transport Corp.*,
322 F.3d 376 (5th Cir. 2003) .................................................................................................7

*Colida v. Sony Corp. of Am.*,
No., Civ. 2093 (RJH), 2004 WL 1737835 (S.D.N.Y. Aug. 2, 2004) ......................................4

*Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*,
142 F.3d 1266 (Fed. Cir. 1998) .............................................................................................7

*DSU Medical Corporation, et al. v. JMS Co., LTD*,
471 F.3d 1293 (Fed. Cir. 2006) .............................................................................................5

*Helicopteros Nacionales de Colombia S.A. v, Hall*,
466 U.S. 408 (1984) ...............................................................................................................7

*Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*,
143 F.3d 1006 (5th Cir. 1998) ...............................................................................................3

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ...............................................................................................................7

*Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*,
No. 6:09-CV-00499-LED, Dkt. No. 56 ..................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

*LSI Indus., Inc. v. Hubbell Lighting, Inc.*,
   232 F.3d 1369 (Fed. Cir. 2001)..................................................................................................7

*Silent Drive, Inc. v. Strong Indus.*,
   326 F.3d 1194 (Fed. Cir. 2003)..................................................................................................6

*Stockman v. Federal Election Comm'n*,
   138 F.3d 144 (5th Cir. 1998) .....................................................................................................3

*Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*,
   249 F.3d 413 (5th Cir. 2001) .....................................................................................................7

*TI Group Automotive Sys., Inc. v. VDO N. Am. LLC*,
   No. C.A. 00-432-GMS, 2002 WL 484838 (D. Del. Mar. 7, 2002)............................................4

*WNS, Inc. v. Farrow*,
   884 F.2d 200 (5th Cir. 1989) .....................................................................................................7


**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

35 U.S.C. § 271................................................................................................................... 4-5

35 U.S.C. § 271(c) ..................................................................................................................5

Fed. R. Civ. P. 12(b)(1)...................................................................................................... 3-4

Fed. R. Civ. P. 12(b)(2)..........................................................................................................6

**I.     INTRODUCTION**

The Complaint in this case should be dismissed with respect to defendants United Online, Inc. ("UOL") and Classmates Media Corporation ("CMC") for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. As Defendants' counsel has explained to Plaintiff's counsel, both UOL and CMC are merely holding companies. Accordingly, this Motion constitutes a special appearance by UOL and CMC to contest personal jurisdiction. UOL and CMC do not consent to the jurisdiction of this Court and do not waive, but instead reserve, any and all available affirmative defenses.

With respect to lack of subject matter jurisdiction, to be charged with infringement of a patent pursuant to 35 U.S.C. §271, a party must make, use, sell or offer to sell the product accused of infringing. UOL and CMC do not operate the website accused of infringement, they do no business in Texas, and are not even registered to do business in Texas. Because UOL and CMC do not make, use, sell, offer to sell, or import the website accused of infringement, the Complaint against UOL and CMC should be dismissed for lack of subject matter jurisdiction.

With respect to lack of personal jurisdiction, UOL and CMC do not have sufficient contacts with Texas for this court to exercise personal jurisdiction over them. UOL and CMC are both Delaware corporations having their principal places of business in Los Angeles county, California. UOL and CMC own no real or personal property in Texas, do not maintain any Texas telephone listing, bank account, or mailing address. Most importantly, UOL and CMC do not sell the services of the allegedly infringing website in Texas or to Texas residents.

Finally, because UOL and CMC, as holding companies, do not operate the website accused of infringement and do not operate in Texas, venue is improper in this Court.

## II. STATEMENT OF ISSUES

1. Whether the lawsuit against UOL and CMC should be dismissed for lack of subject matter jurisdiction.

2. Whether the lawsuit against UOL and CMC should be dismissed for lack of personal jurisdiction.

3. Whether the lawsuit against UOL and CMC should be dismissed for improper venue.

## III. FACTUAL BACKGROUND

### A. The Complaint and the Accused Website

In the Second Amended Complaint (hereinafter "Complaint," Dkt. # 51, Ex. A hereto) Plaintiff named as defendants, among others, Classmates Online, Inc. (*id.* at ¶ 3), Classmates Media Corporation (*id.* at ¶ 4), and United Online, Inc. (*id.* at ¶ 5). In the unnumbered introductory paragraph of the Complaint, Plaintiff refers to these three separate entities collectively as "Classmates."

In Complaint ¶¶ 19-20, without differentiating between any of these three separate corporate entities, Plaintiff vaguely accuses "Defendant Classmates" of directly and indirectly infringing the patent-in-suit by activities related to "the Classmates.com Internet website."

### B. United Online, Inc. and Classmates Media Corporation Are Holding Companies That Do Not Operate The Accused Website

Plaintiff's failure to specify which party allegedly operates the Classmates.com website is likely due to Plaintiff's failure to have investigated the issue. As Defendants' counsel has already informed Plaintiffs' counsel, however, Defendants UOL and CMC simply do not operate the Classmates.com website, as attested to by their Senior Vice President of Finance, Treasurer, and Chief Financial Officer, Neil P. Edwards (Ex. B, "Edwards Decl." ¶ 6).

2

In addition to the fact that UOL and CMC do not operate the website accused of infringement, these defendants do not have the type of contacts with Texas that would subject them to personal jurisdiction here. UOL and CMC are both holding companies that have no employees, and none of the Officers of UOL or CMC reside or work in Texas (Edwards Decl. ¶ 3). UOL and CMC are Delaware corporations that have their principal places of business in Los Angeles county, California. *Id.* at ¶¶ 4-5.

Neither of UOL and CMC: (1) are qualified or registered to do business or do business in Texas; (2) have any place of business in Texas; (3) have a registered agent for service of process in Texas; (4) own any personal or real property in Texas; (5) maintain a telephone listing, mailing address, or bank account in Texas. *Id.* at ¶ 7. UOL and CMC do not makes sales to Texas residents and they do not engage in regular business transactions with Texas residents. *Id.* at ¶¶ 8-9. Neither UOL nor CMC solicit business in Texas. *Id.* at ¶ 10.

## IV.   THE COMPLAINT AGAINST UNITED ONLINE, INC. AND CLASSMATES MEDIA CORPORATION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

### A.   Fed. R. Civ. P. 12(b)(1) Motion To Dismiss Standard

The court should dismiss a case when the plaintiff fails to establish subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

A complaint should be dismissed if the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

### B. Dismissal of United Online, Inc. and Classmates Media Corporation is Appropriate Because They Cannot Be Properly Charged With Direct or Indirect Infringement of the Patent

#### 1. UOL and CMC Cannot Be Charged With Direct Infringement

Where a patentee has sued a party that neither makes, uses, sells, offers to sell, or imports the accused infringing products, the court should dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1). *See Colida v. Sony Corp. of Am.,* No., Civ. 2093 (RJH), 2004 WL 1737835, at *2 (S.D.N.Y. Aug. 2, 2004) (Ex. C). As the court noted in *Colida*:

> [L]iability for infringement pursuant to 35 U.S.C. § 271 requires a showing that the defendant makes, uses, offers to sell, sells, or imports without authority any patented invention, or actively induces or contributes to the infringement of a patented invention . . . [I]t does not appear that plaintiff can make such a showing as to [defendant] . . . .

*Id.* The defendant in *Colida*, SCA, demonstrated that it "does not manufacture, market, sell, offer for sale, repair or support" the accused infringing products by submitting a declaration of one of its senior directors. *Id.* at *1-*2. Based on SCA's showing, the court held that "SCA has made a sufficient showing that it is not a proper party to justify dismissal" under Rule 12(b)(1). *Id.* at *1; see also TI Group Automotive Sys., Inc. v. VDO N. Am. LLC*, No. C.A. 00-432-GMS, 2002 WL 484838, at *1-*4 (D. Del. Mar. 7, 2002) (Ex. D) (granting motion to dismiss) ("[Plaintiff] offers no evidence that [defendant] itself made, used, or sold the [accused infringing products].").

Here, Plaintiffs have sued holding companies UOL and CMC. As in *Colida*, the Edwards Declaration shows that the accused UOL and CMC are holding companies that do not operate,

4

manufacture, market, sell, offer for sale, sell, or import the accused Classmates.com website. UOL and CMC, therefore could never be liable for direct infringement under § 271(a) because they do not engage in any activity accused of infringement, and they should be dismissed.

### 2.     Plaintiff Did Not Plead Contributory Infringement Adequately

With respect to contributory infringement, Plaintiff's pleading is incomprehensible:

> 20. On information and belief, Defendant Classmates has been and now is, directly or through intermediaries, contributing to infringement of the '722 patent by, for example, end users of communication systems, including without limitation the Classmates.com Internet website, that infringe one or more claims of the '722 patent. Classmates is thus liable for further infringement of the '722 patent pursuant to 35 U.S.C. § 271.

Dismissal of a claim is proper if a complaint fails to plead a required element. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). This Court's own opinions make clear that the minimal pleading requirements of Form 18 do not apply to allegations of indirect infringement. *See Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*, No. 6:09-CV-00499-LED, Dkt. No. 56, at 5, 6 (E.D. Tex. Mar. 29, 2010) (Ex. E).

In addition to the existence of direct infringement, the elements of contributory infringement include the following: offering to sell or sell a "*component* of a patented machine . . . . constituting a *material part* of the invention, *knowing* the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c); *DSU Medical Corporation, et al. v. JMS Co., LTD*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (emphasis added). Contributory infringement "requires a *mens rea* (knowledge)" that a "component" of the invention being sold is made or adapted for use in an infringement. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007).

5

Plaintiff pleads no factual basis that Defendants are selling a component of a patented machine. Instead Plaintiff uses the incomprehensible phrase: "Classmates ... is ... contributing to infringement of the '722 patent by, for example, end users of communication systems, including without limitation the Classmates.com Internet website." If Plaintiff means that Classmates is selling "end users," Plaintiff's pleading is nonsensical. If Plaintiff contends that "the Classmates.com Internet website" is just a "component" of a different infringing apparatus, it has never alleged any facts to that effect, because in Complaint ¶ 19, Plaintiff appears to contend that the "Classmates.com Internet website" is the infringing apparatus itself.

Further, Plaintiff fails even to mention the other elements of contributory infringement, let alone plead a factual basis for those elements. Specifically, Plaintiff fails to plead the knowledge element or a factual basis therefor. Similarly, Plaintiff fails to plead that Classmates.com is made or adapted for use in infringement and is not a staple article of commerce suitable for substantial noninfringing use. Plaintiff cannot plead these elements with respect to UOL and CMC, because as the Edwards Declaration establishes, UOL and CMC simply do not operate the Classmates.com website. Edwards Decl. ¶ 6. Thus, the contributory infringement allegations should also be dismissed.

## V. THE COMPLAINT AGAINST UNITED ONLINE, INC. AND CLASSMATES MEDIA CORPORATION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

### A. Fed. R. Civ. P. 12(b)(2) Motion To Dismiss Standard

In patent infringement cases, personal jurisdiction is governed by Federal Circuit law. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). The existence of personal jurisdiction over an out-of-state defendant involves two inquiries: (i) whether a forum state's long-arm statute permits service of process, and (ii) whether the assertion of personal jurisdiction would violate due process. *Id.* at 1200-01.

6

The Texas long-arm statute has been interpreted to be coextensive with the limits of federal due process. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). Consequently, the personal jurisdiction analysis collapses into a single inquiry; that is, whether the exercise of jurisdiction over Defendants by this Court comports with federal due process. *Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998); *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989). The requirements of federal due process are satisfied only if the defendant has certain minimum contacts with the forum state such that traditional notions of fair play and substantial justice are not offended by the exercise of jurisdiction over the foreign defendant. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The requisite minimum contacts are met when the underlying facts support either specific jurisdiction or general jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2001).

Specific jurisdiction "arises out of" or "relates to" the contacts giving rise to the cause of action even if those contacts are "isolated and sporadic." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). General jurisdiction, on the other hand, permits a court to exercise jurisdiction over a defendant when the defendant maintains "continuous and systematic" contacts with the forum state even though the cause of action may have no relation to those contacts." *Helicopteros Nacionales de Colombia S.A. v, Hall*, 466 U.S. 408, 414-16 (1984). The "continuous and systematic" test "is a difficult standard to satisfy." *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001). In either instance, the burden is on the Plaintiff to establish facts supporting at least a prima facie case of personal jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

7

In the Complaint, Plaintiff merely makes incorrect and conclusory statements to the effect that UOL and CMC (and all other defendants) are infringing the patent-in-suit in Texas, and "regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District." *See* Complaint, ¶¶ 16, 19, 20. Those conclusory statements are incorrect with respect to at least UOL and CMC. Edwards Decl. at ¶¶ 3-10. Plaintiff's failure to investigate properly the factual underpinnings of this action coupled with its incorrect and baseless allegations do not suffice to force UOL and CMC to defend against Plaintiff's claim in a foreign jurisdiction.

In support of this Motion to Dismiss, Defendants submit the Declaration of Neil P. Edwards establishing that insufficient contacts exist for the proper exercise of personal jurisdiction over Defendants by this Court. Where facts within a declaration are not contradicted by counter-affidavit, they must be taken as true. *See Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 & n.3 (5th Cir. 1977). Accordingly, if the statements made by Mr. Edwards are not factually refuted by counter-affidavit, the facts alleged therein must be accepted as true. *Id.* This Court cannot, consistent with due process, entertain jurisdiction over Defendants in this action and should dismiss Plaintiff's Complaint against UOL and CMC in its entirety.

    **B.    UOL and CMC Do Not Have Sufficient Minimum Contacts With Texas For Them To Be Subject To Specific Jurisdiction**

To exercise specific jurisdiction over a nonresident defendant, the plaintiff must demonstrate a sufficient nexus between the defendant and the activities within the state that gave rise to the cause of action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). To comport with the due process requirements of the Constitution, under Federal Circuit law, the nonresident defendant must have "purposefully directed" its activities at residents of the forum,

the litigation must result from alleged injuries that arose out of or relate to those activities, and jurisdiction must be constitutionally reasonable and fair. *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995).

### 1. There Has Been No Purposeful Availment And The Exercise Of Jurisdiction Would Not Be Reasonable

UOL and CMC have not purposefully availed themselves to the residents of Texas. UOL and CMC, as mere holding companies, do not operate the website accused of infringement, and do not even have any sales to Texas residents. Edwards Decl. ¶¶ 6-8. Neither do they engage in any regular business transactions with Texas residents. *Id.* at ¶ 9.

Furthermore, when out-of-state defendants are accused of patent infringement, the Federal Circuit requires specific evidence that the defendants infringed the patent in the forum state. *Hollyanne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1308 (Fed. Cir. 1999); *3D Systems, Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998). As previously stated, UOL and CMC do not make, use, sell or offer to sell their products in Texas. Without doing business in Texas, it is impossible for Defendants to have infringed Plaintiff's patent in Texas.

Because Defendants did not purposefully avail themselves of the benefits of Texas law or engage in conduct that arose from or related in any way to the forum state, Defendants' alleged conduct falls far short of that necessary to establish personal jurisdiction in Texas and it would not be reasonable or fair to exercise jurisdiction over UOL and CMC.

### 2. The Assertion of Personal Jurisdiction Over UOL And CMC Would Grossly Offend Traditional Notions of Fair Play and Substantial Justice

Assuming *arguendo*, that even if Defendants did have sufficient minimum contacts with Texas, the court must then consider, if, in light of those minimum contacts and other considerations, the exercise of jurisdiction would offend "traditional notions of fair play and

9

substantial injustice." *Int'l Shoe*, 326 U.S. at 316. The "other considerations" include "the burden on the defendant" in having to litigate in a foreign jurisdiction. *Asahi Metal Indus. Co. v. Super Ct. of Cal.*, 480 U.S. 102, 113 (1987).

UOL and CMC are located over 1,500 miles from this Court and it would be tremendously inconvenient for them to litigate in this forum. Edwards Decl. at ¶¶ 11-13. Plaintiff should not be allowed to force UOL and CMC into litigation in Texas where UOL and CMC do not have sufficient contacts with the forum and where litigating in the forum will place an undue burden on Defendants. Defendants simply do not have the requisite minimum contacts with Texas to ever have reasonably foreseen being haled into court there. Accordingly, the exercise of jurisdiction over Defendants is unwarranted as contrary to the well-settled notions of fair play and substantial justice.

### C. UOL and CMC Do Not Have Sufficient Minimum Contacts With Texas For Them To Be Subject To General Jurisdiction

The plaintiff has the burden of showing that the nonresident defendant has the requisite contacts with the forum to justify exercising general jurisdiction over it. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). To meet this burden, the plaintiff must demonstrate that the nonresident defendant has continuous and systematic contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 416. Thus, for the Court to exercise general jurisdiction, Plaintiff must demonstrate that UOL and CMC have continuous and systematic contacts with Texas. Plaintiff has failed to meet his burden.

Here, the only evidence is that UOL and CMC, which are merely holding companies, do not have sufficient minimum contacts with Texas. UOL and CMC are both holding companies that have no employees, and none of the Officers of UOL and CMC reside or work in Texas

(Edwards Decl. ¶ 3). UOL and CMC are Delaware corporations that have their principal places of business in Los Angeles county, California. *Id.* at ¶ 4-5.

Neither UOL nor CMC: (1) are qualified or registered to do business or do business in Texas; (2) have any place of business in Texas; (3) have a registered agent for service of process in Texas; (4) own any personal or real property in Texas; (5) maintain a telephone listing, mailing address, or bank account in Texas. *Id.* at ¶ 7. UOL and CMC do not makes sales to Texas residents. *Id.* at ¶ 8. Neither UOL nor CMC solicit business in Texas. *Id.* at ¶ 10. Accordingly, UOL and CMC do not have continuous and systematic contacts with Texas and the Court should not exercise general jurisdiction over UOL and CMC.

## VI. THE COMPLAINT AGAINST UNITED ONLINE, INC. AND CLASSMATES MEDIA CORPORATION SHOULD BE DISMISSED ON THE BASIS OF IMPROPER VENUE

### A. Fed. R. Civ. P. 12(b)(3) Motion To Dismiss Standard

Fed. R. Civ. P. 12(b)(3) permits a defendant to move to dismiss an action on the basis of improper venue. Once raised, a Rule 12(b)(3) motion to dismiss due to improper venue places the burden of sustaining venue on the plaintiff. *See Go Figure, Inc. v. Curves, Intern., Inc.*, -- F. Supp. 2d --, 2010 WL 1424411 (S.D. Tex. Apr. 8, 2010); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3826 (1986).

### B. Venue Is Not Proper With Respect To UOL and CMC

Plaintiff contends that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Complaint at ¶ 15. 28 U.S.C. § 1391 provides:

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

11

With respect to 28 U.S.C. § 1400(b), venue is only proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

None of the criteria set forth in 28 U.S.C. § 1391(c) or 1400(b) are present. For example, and as previously discussed, UOL and CMC do not reside in Texas. Because UOL and CMC do not reside in Texas, they are not subject to personal jurisdiction in Texas. Accordingly, venue is not proper under § 1391(c).

Further, because UOL and CMC do not operate the website accused of infringement and do not operate in Texas, they could not have "committed acts of infringement" in Texas. Thus, venue in this District is improper under § 1400(b) and the Complaint against UOL and CMC should be dismissed.

## VII. CONCLUSION

For all the foregoing reasons, the complaint against UOL and CMC should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue.

Dated: October 18, 2010

Respectfully submitted,

/s/ William J. Robinson
William J. Robinson (CA Bar No. 83729)
e-mail: wrobinson@foley.com
Victor de Gyarfas (Texas Bar No. 24071250)
e-mail: vdegyarfas@foley.com
Justin M. Sobaje (CA Bar No. 234165)
email: jsobaje@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
213.972.4500
213.486.0065

Clyde M. Siebman (TX Bar #18341600)
e-mail: siebman@siebman.com
Siebman, Burg, Phillips & Smith, LLP

12

Federal Courthouse Square
300 N. Travis
Sherman, TX 75090
903.870.0070
903.870.0066

Attorneys for Defendants United Online, Inc., and Classmates Media Corporation

13

**CERTIFICATE OF SERVICE**

The undersigned certified that DEFENDANTS UNITED ONLINE, INC. AND CLASSMATES MEDIA CORPORATION'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FED. R. CIV. P. 12(B)(1), LACK OF PERSONAL JURISDICTION, FED. R. CIV. P. 12(B)(2), AND IMPROPER VENUE, FED. R. CIV. P. 12(B)(3) was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service.

/s/ William J. Robinson